

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00339-CV

**IN RE ZURICH AMERICAN INSURANCE COMPANY**

Original Mandamus Proceeding[1]

Opinion by:      H. Todd McCray, Justice
Concurring and Dissenting Opinion by: Velia J. Meza, Justice

Sitting:         Lori I. Valenzuela, Justice
                 H. Todd McCray, Justice
                 Velia J. Meza, Justice

Delivered and Filed: July 31, 2026

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND DENIED IN PART

Relator Zurich American Insurance Company ("Zurich") files this petition for writ of mandamus arguing the trial court erred by denying its plea to the jurisdiction and requesting that we dismiss the remaining claim asserted by the real parties in interest ("RPIs") against Zurich in the underlying case.[2] Zurich argues the trial court lacks subject-matter jurisdiction to hear RPIs' claim because RPIs must first exhaust their administrative remedies with the Texas Department of

---

[1] This proceeding arises out of Cause No. 25-02-0148-CVA, styled *Rachel Barrera, individually and as representative of the estate of Eliseo A. Barrera, deceased, and Jacob A. Barrera, Jason A. Barrera, and Celina Elise Barrera v. Mesa Southern CWS Acquisition L.P. d/b/a Mesa Southern Well Servicing L.P. and Zurich American Insurance Company*, pending in the 218th Judicial District Court, Atascosa County, Texas, the Honorable Russell Wilson presiding.

[2] RPIs are Rachel Barrera, individually and as a representative of the estate of Eliseo Barrera, decedent, Jacob Barrera, Jason Barrera, and Celina Elise Barrera.

Insurance, Division of Worker's Compensation. We conditionally grant Zurich's petition in part and direct the trial court to grant Zurich's plea to the jurisdiction. However, we deny the petition in part because Zurich is not entitled to dismissal of the claim; instead, RPIs must be allowed an opportunity to replead their claim.

## BACKGROUND

RPIs are surviving family members of Eliseo Barrera ("Barrera") and the representative of his estate. In their initial petition, RPIs allege that Barrera was employed by Mesa Southern when he was injured while working. According to the petition, Barrera promptly reported his injuries and was told by his supervisor that he needed to seek a medical evaluation from a "worker's compensation and occupational health services clinic." However, according to RPIs, this clinic lacked adequate resources to address Barrera's injuries, and the clinic directed him to a rural hospital. From there, Barrera was eventually transferred to a "higher-level-care facility" in San Antonio. According to the petition, the delays in Barrera's care resulted in a deterioration of his condition, ultimately leading to his death.

RPIs allege that Zurich denied Barrera's claim for worker's compensation benefits and failed to conduct an independent and thorough investigation, causing significant financial and emotional distress. RPIs assert that Zurich violated Chapter 541 of the Texas Insurance Code by:

   a. Misrepresenting the terms and coverage of Mr. Barrera's workers' compensation policy;

   b. Failing to conduct a thorough and unbiased investigation;

   c. Engaging in bad faith practices by unjustly denying the claim;

   d. Ignoring clear evidence of the work-related nature of Mr. Barrera's injury and death; and

   e. Employing deceptive practices and unreasonable delays in processing the claim.

Zurich filed a plea to the jurisdiction, arguing the trial court lacked subject matter jurisdiction over RPIs' claims against Zurich. Specifically, Zurich alleged that the claims RPIs asserted were subject to the exclusive jurisdiction of the Texas Department of Insurance, Division of Workers' Compensation ("DWC"), pursuant to the Workers' Compensation Act ("WCA"). RPIs then filed a response in which they asserted that their claims concern Zurich's pre-denial conduct, including misrepresentations about coverage, and that the misrepresentations occurred outside the claims-handling process. However, RPIs do not specify any alleged misrepresentations made by Zurich.

RPIs then amended their petition. As amended, the alleged factual background relevant to Zurich states:

> To add insult to injury, Mesa Southern [(Barrera's employer)] failed to file an incident report following Mr. Barrera's injury, which, along with Zurich's own failures, led to the denial of workers' compensation benefits by Zurich. Instead of conducting an independent and thorough investigation, Zurich relied entirely on representations from Mesa Southern that the injury did not occur on the job and denied the claim without verifying the facts or consulting available evidence to the contrary. Zurich's denial caused significant financial and emotional hardship for Mr. Barrera's surviving family members.

RPIs' assertion that Zurich violated Chapter 541 of the Texas Insurance Code by "Misrepresenting the terms and coverage of Mr. Barrera's workers' compensation policy," is unchanged from their original petition, and RPIs did not include any other allegations concerning Zurich's alleged misrepresentations.

Zurich then filed a plea to the jurisdiction directed at RPIs' amended petition. On March 25, 2026, the trial court held a non-evidentiary hearing on Zurich's plea to the jurisdiction. At the hearing, RPIs asserted for the first time, through counsel, that Zurich told Mesa Southern to inform Barrera that he could not go directly to a hospital, but instead had to go first to Nova Medical Center, which is "one of those workman comp places." According to counsel the clinic was

inadequate to treat Barrera's injury of a ruptured hernia. Counsel asserted: "So that goes to our first label of misrepresentation of the policy in which he's required to go to this lesser [in]adequate care center in order to get the care he needed before he can actually seek medical attention at a hospital." Zurich's counsel noted that none of these arguments were in RPIs' pleadings, to which RPIs' counsel replied that the court could order RPIs to amend its pleading if necessary, rather than dismiss the claim.

After the hearing, the trial court issued an order granting Zurich's plea to the jurisdiction as to all of RPIs' claims, save for the claim that Zurich misrepresented the terms and coverage of its workers' compensation policy. Zurich then filed this mandamus petition, requesting that we dismiss RPIs' remaining claim against Zurich.

## ANALYSIS

"To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion, and (2) the relator has no adequate remedy by appeal." *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding) (citing *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding)). A trial court abuses its discretion when its "ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). "Mandamus relief is appropriate when the trial court lacks jurisdiction to hear a case." *In re Lubbock*, 624 S.W.3d 506, 512 (Tex. 2021) (orig. proceeding). "[T]he erroneous denial of a plea to the jurisdiction based on exclusive agency jurisdiction can justify mandamus relief where it interferes with the legislatively mandated function and purpose of the agency and is a clear disruption of the orderly processes of government." *In re Tex. Mut. Ins. Co.*, 329 S.W.3d 1, 4 (Tex. App.—San Antonio 2009, orig. proceeding) (internal quotation marks omitted) (quoting *In re*

*Entergy Corp.*, 142 S.W.3d 316, 321 (Tex. 2004) (orig. proceeding)); *see In re Crawford & Co.*, 458 S.W.3d 920, 929 (Tex. 2015) (orig. proceeding) (per curiam) (granting mandamus to require trial court to dismiss claims within DWC's exclusive jurisdiction); *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 627 (Tex. 2007) (orig. proceeding) (granting mandamus to require dismissal of claims over which Public Utility Commission had exclusive jurisdiction).

## I.      Abuse of Discretion

### *1.      Standard of Review and Applicable Law*

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 232 (Tex. 2004). "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo*." *Id*. at 226. Where, as here, a plea challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. "[B]ecause we construe pleadings liberally in favor of the pleader, we will grant a plea to the jurisdiction without an opportunity to replead only if the pleadings affirmatively negate jurisdiction." *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022); *see Miranda*, 133 S.W.3d at 227. "If an agency has exclusive jurisdiction to resolve a dispute, a party must first exhaust administrative remedies before a trial court has subject matter jurisdiction." *O'Neal v. Ector Cnty. Indep. Sch. Dist.*, 251 S.W.3d 50, 51 (Tex. 2008). If the party has not, "the trial court lacks subject-matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction." *In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 752 (Tex. 2017) (orig. proceeding) (per curiam).

"Whether an agency has exclusive jurisdiction is a question of law that we review *de novo*." *Tex. Mut. Ins. Co. v. Vasquez*, No. 04-14-00295-CV, 2015 WL 2339777, at *2 (Tex. App.—San Antonio May 13, 2015, orig. proceeding) (citing *Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222 (Tex. 2002)).

The WCA "provides the exclusive procedures and remedies for claims alleging that a workers' compensation carrier has improperly investigated, handled, or settled a workers' claim for benefits." *In re Crawford & Co.*, 458 S.W.3d 920, 923–24 (Tex. 2015). "[F]or claims arising out of the claims-settlement process, 'the current Act with its definitions, detailed procedures, and dispute resolution process demonstrate[s] legislative intent for there to be no alternative remedies.'" *Id.* at 925 (quoting *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 340, 456 (Tex. 2012)); *see Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001) (explaining DWC has jurisdiction over income benefits, preauthorization of medical care, and reimbursement for medical expenses.). "Until the party has exhausted all administrative remedies, the trial court lacks subject matter jurisdiction and must deny any claim within the agency's exclusive jurisdiction." *In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex.2004) (orig. proceeding). However, while "claims against workers' compensation insurers for unfair settlement practices may not be made under the Insurance Code," "claims under the Insurance Code may be made against those insurers for misrepresenting provisions of their policies." *Ruttiger*, 381 S.W.3d at 433.

### 2. Discussion

Zurich's plea to the jurisdiction challenges the trial court's jurisdiction based on RPIs' pleadings. RPIs' live, first amended petition contains no specific allegations regarding any misrepresentation Zurich may have made. Instead, the petition contains minimal allegations

regarding Zurich, all of which concern the claims-settlement process, which lies within the DWC's exclusive jurisdiction until RPIs have exhausted all of their administrative remedies. *See Id*. at 437.

Under the WCA, "[t]he claims process begins when an employee reports a lost-time injury or occupational disease to the employer. The employer, as required by the Act, then reports the injury claim to the carrier." *Ruttiger*, 381 S.W.3d at 441 (citing TEX. LAB. CODE ANN. § 409.005(a)). Thus, under the WCA, once Barrera reported his injury to his supervisor, the claims settlement process had begun.

Here, as pled, all allegations against Zurich concern the claims handling process. The only specific allegations referring to Zurich are quoted in the background section above. Those allegations concern matters after Barrera reported his injury to his employer. According to RPIs, Barrera's employer, "failed to file an incident report following Mr. Barrera's injury, which, along with Zurich's own failures, led to the denial of workers' compensation benefits by Zurich." The petition next alleges that Zurich failed to conduct a proper investigation. Beyond allegations directed at Zurich, even liberally construed, nothing in RPIs' live petition, suggest that Barrera's allegedly inadequate medical care was due to a misrepresentation of the worker's compensation policy, whether by Zurich or anyone else. The petition alleges: "Despite Mr. Barrera's prompt reporting, [his supervisor] failed to ensure that Mr. Barrera received appropriate and timely medical care." It also alleges that Barrera "was directed" to certain medical providers before receiving care in San Antonio. However, nothing in the petition suggests that that the supervisor's asserted failure or Barrera's direction to other medical providers resulted from a misrepresentation.

The only reference to misrepresentation in the allegations is the assertion in RPIs' claim against Zurich that it violated the Texas Insurance Code by "[m]isrepresenting the terms and coverage of Mr. Barrera's workers' compensation"; however, in light of previous allegations, this

assertion can only be understood as referring to Zurich's conduct after Barrera's injury. *Cf. Tex. Mut. Ins. Co. v. Morris*, 383 S.W.3d 146, 150 (Tex. 2012) (denying plaintiff's claim under Texas Insurance Code section 541.061 because plaintiff did not "point to any statements or actions by [insurer] that he contends constituted untrue statements about or failure to disclose something about the insurance policy."); *Tex. Dep't of Transp. v. Olivares*, 316 S.W.3d 89, 99 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding plaintiffs did not allege non-discretionary governmental acts necessary to establish jurisdiction where petition described acts as "non-discretionary," without further elaboration).

In short, even construing the petition in RPIs' favor, we cannot discern any alleged misrepresentation outside of the claims-settlement context. Because RPIs' allegations against Zurich relate exclusively to the claims-settlement context, DWC has exclusive jurisdiction over the claims until RPIs exhaust their administrative remedies. *See Crawford*, 458 S.W.3d at 926; *O'Neal*, 251 S.W.3d at 51. Neither party represents that RPIs have exhausted their remedies through the DWC. Therefore, on these pleadings, the trial court abused its discretion by failing to grant Zurich's plea to the jurisdiction as to RPI's misrepresentation claim. *See In re Tex. Mut. Ins. Co.*, 510 S.W.3d 552, 559 (Tex. App.—El Paso 2016, orig. proceeding).

However, the trial court did not abuse its discretion by refusing to dismiss RPIs' claim. RPIs argued in their response in the trial court and at the plea hearing that their allegations concern pre-claims-settlement statements. They assert that Zurich misrepresented the policy by telling Mesa Southern they would not cover an injury unless the injured person sought care at a lower-level facility first, and they allege this misrepresentation caused delays in Barrera's care which ultimately caused his death. Additionally, at the plea to the jurisdiction hearing, the RPIs expressed to the trial court that they could have the option to amend their pleadings and bring the allegations

properly before the court. Because our review is confined to a liberal construction of the pleadings, and because RPIs' live petition does not contain the assertions RPIs made elsewhere, the trial court was required to grant the plea to the jurisdiction for the reasons just discussed. *See Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022). Nevertheless, RPIs suggest allegations which could survive a jurisdictional challenge. *See Crawford*, 458 S.W.3d at 927. This view is consistent with the Supreme Court's holding in *Texas Tech University System v. Martinez*:

> Martinez failed to allege facts that affirmatively demonstrate the court's jurisdiction over her claims against the TTU System or the Board because, as currently pleaded, her petition does not contain sufficient facts to demonstrate that either the TTU System or the Board could be liable to her under Section 21.051. The trial court therefore should have granted the TTU System and the Board's plea to the jurisdiction. But because Martinez's petition does not affirmatively demonstrate that she cannot cure the jurisdictional defect, she should be afforded an opportunity to replead. We therefore reverse the court of appeals' judgment in part and remand to the trial court for further proceedings.

*Tex. Tech Univ. Sys. v. Martinez*, 691 S.W.3d 415, 425 (Tex. 2024). Because RPIs' pleading does not demonstrate an incurable defect, RPIs should be afforded an opportunity to amend their claim asserting Zurich violated Chapter 541 of the Texas Insurance Code by misrepresenting its policy. *See Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 559 (Tex. 2002) (holding plaintiffs should be afforded an opportunity to amend where plaintiffs failed to plead an element of their claim).

## II.  Inadequate Remedy by Appeal

Mandamus review is generally unavailable when a private party challenges a trial court's denial of a plea to the jurisdiction. *See In re Tafel*, No. 24-1062, 2026 WL 1801256 (Tex. June 19, 2026) (orig. proceeding). However, where an agency has exclusive jurisdiction over a dispute, mandamus review is necessary to prevent a disruption of the orderly processes of government. *See id*. (specifying exclusive agency jurisdiction over a dispute as a unique circumstance warranting mandamus relief); *In re Crawford*, 458 S.W.3d at 929; *In re Entergy,* 142 S.W.3d at 321; *In re*

*Mid–Century Ins. Co. of Tex.*, 426 S.W.3d 169, 178 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding).

Because RPIs' live petition includes only a claim against Zurich that is within the DWC's exclusive jurisdiction pursuant to the WCA, mandamus relief is appropriate to prevent a disruption to the sole, administrative process for resolving this claim. *See Crawford*, 458 S.W.3d at 929; *see also In re Illinois Employers Ins. of Wausau*, 497 S.W.3d 93 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) ("Forcing [insurer] to try Jones's common law bad faith and statutory violation claims would disrupt the orderly process of government by interfering with the administration of workers' compensation claims."). Unless and until RPIs plead a claim against Zurich that falls outside of DWC's exclusive jurisdiction, their claims against Zurich must proceed before the DWC. *See Crawford*, 458 S.W.3d at 927.

## CONCLUSION

We hold the trial court abused its discretion by failing to grant Zurich's plea to the jurisdiction as to RPIs' claim that Zurich violated Chapter 541 of the Texas Insurance Code by misrepresenting the terms and coverage of Barrera's workers' compensation policy because this claim falls within the DWC's exclusive jurisdiction. *See Crawford* 458 S.W.3d 920. However, the trial court did not abuse its discretion by failing to dismiss this claim because RPIs' pleadings do not demonstrate incurable defect in jurisdiction and RPIs should be allowed an opportunity to replead. *See Brown*, 80 S.W.3d at 559. We are confident that the trial court will reconsider its ruling, grant Zurich's plea to the jurisdiction, and allow RPIs an opportunity to amend. The writ of mandamus shall issue only if the trial court fails to comply within a reasonable time.

H. Todd McCray, Justice